**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDGAR YOVANY BAJAN,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | Case No. 5:26-cv-03660-AB (JDE)<br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus by a Person in Federal Custody, the records on file, and the Report and Recommendation ("Report") of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

In this immigration detention matter, the Report recommends that Petitioner be granted a bond hearing because he is a member of the Bond Eligible Class certified in *Bautista v. Santacruz*, Case No. 5:25-cv-01873-SSS (BFM) (C.D. Cal.) and is subject to the *Bautista* judgment. (Dkt. No. 7.) Petitioner's objections to the Report do not merit a different result.

Petitioner objects that he is entitled to immediate release rather than a bond hearing because the Report viewed Petitioner's constitutional theory more narrowly

than he presented in his Petition and his Reply in support of the Petition. (Dkt. No. 8 at 4-6.) In his Petition and Reply, Petitioner argued that Respondents' affirmative decision not to detain Petitioner following the disposition of his first criminal proceeding for misdemeanor driving under the influence created a constitutionally protected liberty interest. (Dkt. No. 1 at 18-30; Dkt No. 6 at 6-25.) The Court agrees with the Report that Petitioner has not shown a constitutionally protected liberty interest. (Dkt. No. 7 at 3-4.) The Report explained why the cases cited by Petitioner are distinguishable, and accurately found that, upon Petitioner's first and only arrest by immigration officers in 2026, he "had no pending immigration proceedings at the time of his arrest" and "apparently had no [prior] interactions with immigration authorities." (*Id.*) *See also Akopian v. Semaia*, 2026 WL 1625147, at *2 (C.D. Cal. June 3, 2026) (no liberty interest where Petitioner "was never previously detained by ICE and released" and there was "no prior custodial release to revoke").

Petitioner objects that the constitutional violation was complete when Respondents' revoked Petitioner's liberty interest without constitutionally adequate procedures. (Dkt. No. 8 at 6-8.) Because Petitioner has not shown a constitutionally protected liberty interest, he has not shown a procedural due process violation. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("We need reach the question of what process is due only if [Plaintiffs] establish a constitutionally protected liberty interest[.]").

Petitioner objects that recent District Court decisions confirm that another custody hearing does not necessarily remedy a completed procedural due process violation. (Dkt. No. 8 at 9-10.) Because Petitioner has not shown a procedural due process violation, his reliance on those decisions is misplaced.

Petitioner objects that, alternatively, the Report should be modified to require Respondents to bear the burden of proof by clear and convincing evidence. (Dkt. No. 8 at 11-12.) Because Petitioner is subject to the *Bautista* judgment, it is proper

for the Government to bear the burden. In such cases, "the Government has been ordered to bear the burden at a discretionary detention hearing before a neutral immigration judge to prove by clear and convincing evidence whether Petitioner poses a flight risk or danger to the public." *Qiu v. Semaia*, 2026 WL 1104322, at *1 (C.D. Cal. Apr. 17, 2026) (citing cases subject to the *Bautista* judgment).

Petitioner objects that recent decisions confirm that District Courts routinely include these constitutional safeguards when ordering custody hearings. (Dkt. No. 8 at 12-20.) Because Petitioner is subject to the *Bautista* judgment, the Government will bear the burden of proving by clear and convincing evidence whether Petitioner poses a flight risk or danger to the public.

It is ordered that

(1) the Report and Recommendation is approved and accepted;

(2) the Petition is granted, in part, and Respondents are ordered to: a. hold an individualized bond hearing before an immigration judge under 8 U.S.C. § 1226(a) for **Petitioner Edgar Yovany Bajan (A# 246 058 941)** within seven (7) days of this Order, with instructions that (i) the immigration judge has jurisdiction under 8 U.S.C. § 1226(a) to consider bond, (ii) the bond hearing be presided over by a different immigration judge than the immigration judge who presided over the previous custody redetermination hearing, and (iii) the immigration judge must provide a written, reasoned decision if bond is denied, with factual findings; or b. release Petitioner from custody, subject only to narrowly tailored conditions of release, if any, no more restrictive than necessary to reasonably assure Petitioner's appearance as required at future immigration proceedings and to protect the community if Petitioner is not timely provided with the aforementioned bond hearing; and

\\

(3) the other relief sought by the Petition is denied without prejudice as moot and/or speculative.

DATED: July 31, 2026

HON. ANDRÉ BIROTTE, JR.
UNITED STATES DISTRICT JUDGE